IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY HAUDER, | CASE NO. 8:17-CV- 492 |
| Plaintiff, | |
| vs. | COMPLAINT AND PETITION FOR REVIEW UNDER THE ADMINISTRATIVE PROCEDURES ACT AND REQUEST FOR STAY |
| UNITED STATES DEPARTMENT OF THE TREASURY STEVEN TURNER MNUCHIN, SECRETARY OF THE TREASURY | |
| AND | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRTATION LINDA MCMAHON, ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION | |
| Defendants. | |
| AND | |
| THE NEBRASKA ECONOMIC DEVELOPMENT CORPORATION, A NEBRASKA NON PROFIT CORPORATION | |
| AND | |
| DAVID MCNEW | |
| AND | |
| DEBRA MCNEW | |

COMES NOW the Plaintiff, TIMOTHY HAUDER, by and through his attorneys, Brent M. Bloom and Howard Kaplan, and for his cause of action against the Defendants alleges as follows:

1

## I. Parties

1.1     <u>Plaintiff</u>:  is a citizen of the United States of America and a resident of Washington County, Nebraska;

1.2     <u>Defendants</u>:

a.     Steven Mnuchin is the United States Secretary of the Treasury.  At all times material to this Complaint, Defendant Mnuchin was acting within the scope of his employment with the United States Department of Treasury, acting pursuant to the laws, regulations, policies, customs, and usages of the United States Department of Treasury and under the color of law;

b.     Linda McMahon is the Administrator of the United States Small Business Administration.  At all times material to this Complaint, Defendant McMahon was acting within the scope of her employment with the Small Business Administration acting pursuant to the laws, regulations, policies, customs, and usages of the Small Business Administration and under the color of law;

c. The United State Department of Treasury is an Executive Department and was established by "An Act to Establish the Treasury Department" on September 2, 1789;

d. The United States Small Business administration is an Executive, Cabinet level Department and was created on July 30, 1953, by President Eisenhower with the signing of the Small Business Act, codified at 15 U.S.C. Chapter 14A;

2

  e. The Nebraska Economic Development Corporation (NEDCO) is a Nebraska Non Profit Corporation with its Principal office in Lincoln, Nebraska;

  f. David McNew is an unmarried individual living in Lincoln County, Nebraska. Along with Debra McNew, he assumed the loan, the assumption of which Timothy Hauder was induced to guarantee. It is this guarantee upon which the Administrative Wage Garnishment complained of herein is based.

  g. Debra McNew is an unmarried individual living in Lincoln County, Nebraska. Along with David McNew, she assumed the loan, the assumption of which Timothy Hauder was induced to guarantee. It is this guarantee upon which the Administrative Wage Garnishment complained of herein is based.

## II.  Jurisdiction and Venue

2.1   This court has jurisdiction over those portions of the action arising under the Administrative Procedure Act (APA) pursuant to 5 U.S.C.A. §§ 702 and 703, those portions of the action arising under Debt Collection Improvement Act, 37 U.S.C.A. 3701 et. seq. and pursuant to 28 U.S.C.A. §§ 1331 and 1337, and supplemental jurisdiction over any state and common law claims made in this matter under 28 U.S.C.A. §1367

2.2. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391(e) and 5 U.S.C.A. § 703, as a Defendant is an agency of the United States Government and the actions on which this case are based occurred in this judicial district.

2.3   The acts complained of in this complaint occurred in various locations, including Washington County, Lancaster County, Lincoln County, Nebraska, and Washington, District of Columbia, and some unknown to Plaintiff;

### III.   Facts

3.1   That on, or about November 8, 2005, Yolanda Hauder and Depot Grill and Pub, LLC were approved for a loan with the Small Business Administration (SBA);

3.2   That on or about February 22, 2006, Yolanda Hauder, formerly known as Yolanda Ruiz, personally, and as a member of Depot Grill and Pub, LLC delivered to the SBA's (then) assignee a note, in the original sum of $220,000.00, together with interest;

3.3   That Timothy Hauder, on or about February 22, 2006, executed an unconditional guarantee of the note referred to in paragraph 3.2, hereinabove, (attached as Exhibit A) ;

3.4. In June of 2007, negotiations commenced for David and Debra McNew to buy the Depot Grill and Pub from Yolanda Hauder, f/k/a Yolanda Ruiz. The McNews planned to wholly own and run that business with Timothy or Yolanda Hauder having no interest, control, or ownership in same.  The McNews wanted to assume the existing SBA loan that had been taken out by Yolanda Hauder, f/k/a Yolanda Ruiz;

3.5. That as part and parcel of assuming the loan, it was communicated to Timothy Hauder by the SBA or NEDCO that his guarantee of February 22, 2006 would be required to remain in place;

4

3.6 That due to that fact that neither Mr. Hauder nor his wife would retain any type of interest or control over the Depot Grill and Pub, Mr. Hauder was unwilling to continue to guarantee the loan;

3.7 That Mr. Hauder communicated his unwillingness to continue as guarantor to a representative of Equitable Bank, (Kert McKeone, banker) the lender that had originally made the SBA "504" loan to Mrs. Hauder, and continued to service that loan;

3.8 That Mr. McKeone communicated Mr. Hauder's reluctance to Mr. Ted Rowan of the Nebraska Economic Development Corporation, (NEDCO) which was the Certified Development Corporation that acted on behalf of the SBA, and at the time was the SBA's assignee with regard to the loan in question;

3.9 That a discussion ensued between Mr. Rowan and Mr. McKeone as to how Mr. Hauder's unwillingness might be mollified so that the loan assumption might take place;

3.10 That in said discussions Mr. Rowan suggested that Mr. McKeone indicate to Mr. Hauder that he, (Hauder) could be assured that after the McNews demonstrated their ability to pay the loan and run the business for a year or two, Mr. Hauder could then be removed as a guarantor;

3.10 (a) Further assurance were made by NEDCO or the SBA that additional collateral would be required from the McNews, including a 110-acre tract of bottomland on or near the Platte River.  On information and belief, the SBA, NEDCO, and Equitable Bank all failed to collateralize the loan as they represented to Mr. Hauder that they would, i.e. by using the 110 acres of bottomland as collateral;

5

3.11 That Mr. McKeone then communicated to Mr. Hauder the sum and substance of his conversation with Mr. Rowan.

3.12 That upon receiving the assurance from NEDCO and the SBA, via Mr. McKeone, that he only need continue to guarantee the loan for another one to two years, and that the loan would be collateralized with the Platte River bottom land referred to above, Mr. Hauder only then, and in reliance on and based upon the heretofore stated assurances, agreed to continue to guarantee the loan.

3.13 That on or about September 15, 2008, Mr. McKeone made application to the SBA for Mr. Hauder to be released from his guarantee, and that said application was denied because such an application had to be initiated by NEDCO;

3.14 That on August 20, 2009, NEDCO made an initial application to the SBA for the removal of Mr. Hauder as guarantor of the loan;

3.15 That on September 21, 2009 NEDCO's request the SBA declined the request because NEDCO failed to send additional information that the SBA requested;

3.16 That NEDCO's actions in failing to follow through on the release of Mr. Hauder as assignee of the SBA constitute bad faith on NEDCO'S part, and since NEDCO was SBA's assignee, and on the part of the SBA as well.

3.17 Mr. Hauder was induced to remain a guarantor by material misrepresentation or fraud, and NEDCO in bad faith failed to carry through on it's representation that he would be removed as a guarantor, See, e.g. *First Acceptance Corp. v. Kennedy 95 F. Supp. 861 at 878 (Northern District of Iowa, 1951), Warren v. State Farm Fire and Casualty 531 F.3d 693 (8th Cir. 2008).*

6

3.18   That some time on or before 2016, the SBA declared the David and Debra McNew in Default, accelerated the loan, and demanded payment from Timothy Hauder pursuant to the guarantee;

3.18(a) That the McNews were, and continue to be in default of the loan in the amount of $226,991.56 plus interest and penalty;

3.19   That on or about September 13, 2016. SBA's (then) assignee, the Nebraska Economic Development Corporation, sued Timothy and Yolanda Hauder in Lancaster County (Nebraska) District Court on the guarantee, asking for a judgment in the sum of $155,105.99 (CI16-3166);

3.20   That when the Hauders requested to begin the discovery process in the Nebraska Court action, NEDCO caused the action to be dismissed on it's own motion on March 28, 2017;

3.20 (a) It is unclear from the record when or if NEDCO assigned it's cause of action regarding the guarantee, and therefore SBA was completely without jurisdiction to initiate Administrative Wage Garnishment proceedings;

3.21   That Timothy Hauder received a notice from the SBA, dated April 2, 2017 demanding payment in the amount of $169,727.23, an increase in the amount due of nearly $15,000.00 from the amount for which he had been sued in state court;

3.22   That said notice specified certain procedures and a timeline for Plaintiff to dispute the debt. Plaintiff, through counsel, disputed the debt, and made a request for discovery of SBA's records related to the alleged debt;

3.23   That approximately two weeks after disputing the debt with the SBA, Plaintiff received a demand from the Department of the Treasury

demanding payment of $219,614.19, which is $64,508.50 more than was prayed for in the lawsuit NEDCO filed in State Court;

3.24 That on or about July 13, 2017, Timothy Hauder received a "Notice of Intent to Initiate Administrative Wage Garnishment Proceedings" from the Defendant Department of Treasury;

3.25 That pursuant to the Instructions contained within the "Notice of Intent to Initiate Administrative Wage Garnishment Proceedings" Timothy Hauder, through counsel of record, timely requested a hearing regarding the proposed "Notice of Intent to Initiate Administrative Wage Garnishment Proceedings" on July 31, 2017;

3.26 That on or about August 18, 2017 Timothy Hauder, through counsel of record, received a letter from the Defendant Department of Treasury requesting that Plaintiff provide all documentation, evidence and objections regarding the proposed garnishment to the Defendant Department of Treasury by September 11, 2017.

3.27 That on September 11, 2017 Timothy Hauder, through counsel of record, provided to the Defendant Department of the Treasury said documentation, evidence, and objections, including a request for hearing and an undisputed affidavit of Timothy Hauder stating that the representations referred to hereinabove had been made and that he had relied upon them;

3.28 On or about September 19, 2017, Timothy Hauder, through counsel of Record, received a letter from a hearing officer for the SBA, Timothy Treanor, indicating that the above stated request for full hearing had been denied without prejudice, and that he would conduct a hearing on the evidence submitted on November 10, 2017.

3.29 On or about November 7, 2017, Timothy Hauder, through counsel of record, submitted further evidence and arguments in support of his claim that his guarantee of the McNews assumption would be released after a year or two, including an affidavit of the banker who had the discussions with SBA's agent, NEDCO;

3.30 On or about December 3, 2017, Timothy Hauder, through counsel of Record, received a Garnishment Hearing Decision" from Mr. Treanor at the SBA. That Decision was unfavorable to plaintiff, despite there being no evidence submitted to counter Mr. Hauder's claim (Attached as Exhibit B);

3.31 On or about December 8, 2017, Timothy Hauder's employer received an Administrative Wage Garnishment Order from the Department of Treasury, demanding payment of $226,991.56 (Attached as Exhibit C);

## IV.  Causes of Action
A. Due Process violation

4.1   That pursuant to 31 CFR 285.5(d)(6) and under the United States Constitution, Fifth Amendment and Fourteenth amendments, Timothy Hauder is entitled to due process of law before any actions can be taken to collect this debt by the Department of the Treasury;

4.2   That the Department of the Treasury has begun garnishment of Plaintiff's wages without due process of law debt;

4.3   The Plaintiff has been and will be deprived of liberty without Due Process of Law under the Fifth and Fourteenth Amendments to the United States Constitution by the Defendants under the color of law;

4.4     That unless a stay is entered protecting Plaintiff from the collection activities Defendant Department of the Treasury has threatened, he will forever be foreclosed from exercising his rights to contest the alleged debt and having a full and fair hearing on whether the debt is owed, and if so, in what amount;

B. For a Stay of the Garnishment initiated by the Department of the Treasury and Vacate the Decision of the SBA

4.5     The decision authored by Mr. Treanor of the SBA legal conclusions are erroneous as a matter of law, and therefore must be vacated.

4.6     The decision authored by Mr. Treanor of the SBA is unsupported by substantial evidence on the whole record, and therefore must be vacated.

4.7     The decision authored by Mr. Treanor of the SBA is arbitrary and capricious, and therefore must be vacated.

4.8 The Administrative Wage Garnishment initiated by the Department of the Treasury is not supported by competent or substantial evidence, is erroneous, and is arbitrary, and capricious.

C. In the Alternative, For a Judgment against David and Debra McNew

4.9 That David and Debra McNew failed to pay the SBA or NEDCO pursuant to the terms of the 504 loan which they assumed;

4.10 That David and Debra McNew are in Default of said loan;

4.11     That if the court finds that the Administrative Wage Garnishment may proceed against Plaintiff, and that he is required to pay under the terms of guarantee which he was induced to enter into in favor of the McNews, for judgment against David and Debra McNew in the amount of $226,991.56 plus interest and penalty.

## V. Prayer for Relief

As an actual and proximate result of the policies, practices, acts and omissions of the Defendants, Plaintiff suffered damages including, but not limited to, the loss of fundamental constitutional rights secured by the Constitution and laws of the United States, attorney's fees and legal costs, and other injuries and damages to be proven at trial. Therefore, Plaintiff respectfully moves the Court to award the following:

5.1. Vacate SBA's decision of November 30, 2017;

5.2 If the Court deems it necessary, and hold a hearing in this matter as allowed by 5 U.S.C.A. §§ 554, 556, and 557 in which Plaintiff can present all of its evidence and have an opportunity to cross-examine witnesses and rebut evidence presented against it.

5.3 Grant a Stay of the Administrative Wage Garnishment, preventing the Department of the Treasury from taking any actions to collect any alleged debt from Plaintiff, until such time as the Court may determine that he is in fact and by law liable for such debt.

5.3 (a) Should the Court determine that any garnishments that have been taken against Plaintiff were not lawfully taken, Plaintiff prays for an order of this Court requiring The Department of the Treasury to refund to Plaintiff any such garnished sums.

5.4 Order that the SBA, NEDCO, and the Department of Treasury release all information they may have in their possession regarding this alleged debt;

5.5   Find that the SBA or its agent NEDCO made a representation that Plaintiff would be released after a year or two from his guarantee, and that:

That the representation was false

That the representation was material;

That this representation substantially contributed to the defendant's decision to agree to continue his guarantee;

That the Plaintiff's reliance on this representation was reasonable;

And therefore find that Plaintiff should be granted a rescission of his guarantee of the loan assumption by the McNews.

5.6   Grant Plaintiff such other relief as the Court deems just and equitable.

Dated this 22nd day of December, 2017.

TIMOTHY HAUDER, Plaintiff

BY:   /s/
Brent M. Bloom, #18239
Attorney for Plaintiff
416 South 14th Street
Omaha, NE 68102
(402) 342-2833

AND BY: /s/
Howard N. Kaplan # 17500
8712 West Dodge Road
Omaha, NE  68114
(402) 392-0101