IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY HAUDER,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION LINDA MCMAHON, ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION in her individual capacity, DAVID MCNEW, and DEBRA MCNEW,<br><br>    Defendants. | 8:17CV492<br><br>ORDER |

This matter comes before the Court on the Rule 15 Motion ([Filing No. 66](#)) filed by Plaintiff, Timothy Hauder ("Hauder"). Hauder requests leave to file a Second Amended Complaint. The federal defendants, the United States Small Business Administration and Linda McMahon, Administrator of the Small Business Administration ("SBA"), oppose Hauder's motion. ([Filing No. 75](#)). For the following reasons, the Court will grant the motion.

In this action Hauder alleges that the defendants violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution when they dismissed a debt collection action in a Nebraska state court and subsequently referred the action to the SBA and U.S. Department of Treasury. ([Filing No. 57 at p. 6](#)). In 2006, Hauder unconditionally guaranteed an SBA loan for Yolanda Hauder and Depot Grill and Pub, LLC. The guarantee was assigned by the Nebraska Economic Development Corporation, ("NEDCO") to the SBA. In June 2007, defendants David and Debra McNew sought to purchase the Depot Grill and assume the SBA loan. Hauder asserts that although he communicated his unwillingness to continue as the guarantor of the loan, he was induced to remain the guarantor by material misrepresentation or fraud by the SBA. The McNews ultimately defaulted on the loan in 2016, and the SBA demanded payment from Hauder. ([Filing No. 57 at pp. 5-6](#)). Hauder seeks to vacate the subsequent SBA administrative proceedings and challenges the administrative garnishment of his wages by the

Department of Treasury under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 703. (Filing No. 57 at pp. 8-9).

On September 7, 2018, the Court granted the Federal Defendants' Partial Motion to Dismiss Hauder's Complaint, but granted him leave to amend to add a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Filing No. 53). Hauder timely filed his Amended Complaint on September 21, 2018, containing a *Bivens* claim against Linda McMahon, Administrator of the SBA, in her individual capacity. (Filing No. 57). On December 1, 2018, Hauder filed the instant motion requesting leave to file a Second Amended Complaint.

Hauder's proposed Second Amended Complaint includes the same counts and allegations against the same defendants as the Amended Complaint, but adds a *Bivens* claim against "Unknown Employees of the Small Business Association in their individual capacities" and pleads additional factual allegations regarding his underlying allegation for deprivation of due process. (Filing No. 67 at p. 1). The SBA opposes Hauder's motion claiming the proposed amendment is speculative and fails to state a claim against the Unknown Employees of the SBA. (Filing No. 75 at p. 4). Additionally, the SBA argues that Hauder's Amended Complaint added a *Bivens* claim against McMahon and no reason has been offered as to why a *Bivens* claim against the Unknown Employees was not included at that time. (Filing No. 75 at p. 3).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).

The SBA contends that Hauder's proposed *Bivens* claim against the Unknown Employees in their individual capacities is futile for failure to state a cause of action. (Filing No. 75 at p. 3). Leave to amend "may be denied if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Fed. R. Civ. P. 12(b)(6)].'" *Zutz v. Nelson*, 601

F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). The pleading standard under Fed. R. Civ. P. 8, however, does not require "detailed factual allegations," but it does demand more than a "formulaic recitation of the elements" or mere conclusory statements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, the court must accept as true the factual allegations contained in the complaint. *Id.*

A plaintiff can bring a cause of action directly under the United States Constitution against a federal official in his individual capacity for purposeful violations of constitutionally protected rights. *Bivens*, 403 U.S. at 396; *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Although the Supreme Court "refuse[s] to extend *Bivens* liability to any new context," a due process violation under the Fifth Amendment has been recognized as an appropriate context in which courts will permit a *Bivens* action. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *see FDIC v. Meyer*, 510 U.S. 471, at 484, n. 9 (1994)).

Here, Hauder seeks to add Unknown Employees in their individual capacities, alleging they intentionally violated his due process rights during the administrative proceedings by depriving him of his ability to conduct discovery, have a hearing on the merits by an impartial decision maker, plead in the McNews so his rights and liabilities could be decided in a single action, and to be heard in a local forum. Furthermore, Hauder alleges the Unknown Employees deprived him of due process when NEDCO referred the debt to the SBA and Department of Treasury, intentionally causing the debt to escalate from $155,105.69 to $219,614.19, a $64,508.50 increase. (Filing No. 66-1 at p. 6). Hauder seeks to bring his *Bivens* claim directly under the Due Process Clause of the Fifth and Fourteenth Amendments. Accepting the allegations against the SBA Unknown Employees as true, Hauder has pled sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. At this early stage of the proceedings and in assessing whether leave to amend should be granted, the Court finds it cannot determine if the SBA wage garnishment order was lawful and Hauder received all the due process to which he was entitled.

The defendants also argue that Hauder's request for leave is unjustified because Hauder could have added the additional *Bivens* claim against the Unknown Employees in the Amended Complaint. (Filing No. 75 at p. 3). The Court instructed Hauder to file an amended complaint adding a *Bivens* claim within fourteen days of September 7, 2018, and Hauder timely added a

3

*Bivens* claim against McMahon. ([Filing No. 53](#)). While Hauder has not explained why he could not have included the *Bivens* claim against the Unknown Employees at that time, there is little prejudice to the defendants by permitting him to do so now. Although the Complaint was filed on December 27, 2017, the case has not moved past the pleadings stage and is still in the early stages of progression. The parties have not yet met and conferred and filed a Rule 26(f) Report, no discovery has taken place, and a trial date has not been set. In consideration of the above, and considering that leave to amend should be freely given, the Court finds Plaintiff's motion should be granted. Accordingly,

**IT IS ORDERED**: Plaintiff's Rule 15 Motion ([Filing No. 66](#)) is granted. Plaintiff may file the Second Amended Complaint on or before February 22, 2019.

Dated this 8th day of February 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge